CORNELIA T. TERRY, Respondent, *v.* KATHARINE T. MOORE, Appellant, Impleaded with CLEMENT C. MOORE.

*Permission granted by the Court of Appeals to apply at a Special Term for leave to withdraw a demurrer and answer — when and upon what terms it should be allowed.*

The action of the Court of Appeals in granting permission to an unsuccessful demurring defendant to apply at Special Term for leave to withdraw his demurrer and interpose an answer, is not decisive of his right to such relief.

Upon a motion made in pursuance of such permission, it appeared that the matters set up in the proposed answer might, if established, constitute a defense to the plaintiff's cause of action, and the court considered that the motion should be granted.

The conditions which will be imposed in such a case, considered.

APPEAL by the defendant, Katharine T. Moore, from an order of the Court of Common Pleas for the city and county of New York bearing date the 16th day of July, 1896, and entered in the office of

the clerk of said court, denying her motion for leave to withdraw her demurrer and serve an answer.

*Charles Edward Souther*, for the appellant.

*John M. Buckingham* and *Flamen B. Candler*, for the respondent.

PATTERSON, J.:

We think the motion, from the order denying which this appeal is taken, should have been granted. The remittitur from the Court of Appeals was amended by an order of that court so as to allow the appellant to apply to the Special Term of the Supreme Court within a fixed time for leave to withdraw her demurrer and interpose an answer. While this action of the Court of Appeals is in no way decisive of the appellant's right to interpose an answer, it is obvious that the court must have considered that some substantial matters might exist which would constitute a defense and upon which the appellant should be heard. Upon examining the papers used upon the motion under consideration, it appears that merits are sworn to by the moving party, and that there are denials of substantial averments of the complaint which affect the right of the plaintiff to a renewal of the lease, to compel the execution of which the action was brought. It also appears that an affirmative defense is set up which attacks the arbitration referred to in the complaint, and by which the plaintiff's claim was determined and the annual ground rent to be paid upon a renewal of the lease fixed, and the award upon which arbitration the plaintiff insists is binding on all the parties including the present moving party. That affirmative defense is that the defendant now moving was not a party to the submission and was not substituted thereto, and that the arbitration was continued without reference to her; and other matters are set up which would affect the question of the binding character of the award upon her. The matters thus set up in the proposed answer are such, if established, as may defeat the plaintiff's action, and we are of opinion that the appellant should have an opportunity to present the defenses she relies upon for that purpose. But the case is one in which very strict terms should be imposed as a condition of granting the privilege she asks. She undoubtedly has had two

opportunities, at least, to withdraw the demurrer at prior stages of the action, and having waited to apply for the favor she now asks the plaintiff should be indemnified for the expense incurred in resisting appeals unsuccessfully taken by the moving defendant to the General Term and the Court of Appeals.

The order of the Special Term should be reversed, with costs to the appellant, and the motion granted on the payment by the moving party of all the costs of the action as taxed, including the extra allowance, from the service of the demurrer up to the present time, and ten dollars costs to the plaintiff for opposing this motion.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and INGRAHAM, JJ., concurred.

Order reversed, with costs to appellant, and motion granted on payment by the moving party of all the costs of the action as taxed, including the extra allowance, from the service of the demurrer up to the present time, and ten dollars costs to the plaintiff for opposing this motion.