(39 Misc. Rep. 218.)

### WHITE v. JACKSON et al.

(Supreme Court, Special Term, St. Lawrence County. November, 1902.)

1. DEMURRER—LEAVE TO PLEAD OVER—APPLICATION.

   A demurrer to a complaint was overruled, with leave to withdraw the demurrer and plead over, and on appeal judgment was affirmed by the appellate division without granting such leave. Held, that under Code Civ. Proc. § 497, providing that on the decision of the demurrer the court may allow the party in fault to plead over, defendant must apply to the appellate division, and not to the special term, for such leave.

Action by Lewis G. White against Loyal L. Jackson and others. Motion by defendants to withdraw demurrer and serve proposed answer. Denied.

Joseph F. Brown, for plaintiff.
Worth Chamberlain, for defendants.

KELLOGG, J. In an action to recover the royalties upon a so-called lease of mineral rights the defendants interposed a demurrer, which the trial term overruled, allowing the defendants, within 20 days, upon the payment of costs, to withdraw the demurrer and plead anew, otherwise directing judgment for the amount demanded in the

complaint. The defendants appealed to the appellate division from the judgment so entered and the order overruling the demurrer, and the judgment of the trial term was affirmed. 77 N. Y. Supp. 1143. The appellate division did not grant leave to withdraw the demurrer and plead anew. The defendants now ask leave of this court to withdraw said demurrer and to serve the answer accompanying the moving papers. It is at least very doubtful whether the proposed answer sets up a defense. The fifth proposed answer, alleging that the lease was void as a lease of agricultural lands, is without merit. Bank v. Shinn, 163 N. Y. 360, 57 N. E. 611.

The fourth proposed answer alleges that the defendants notified the plaintiff that they did not intend to mine or open the quarry. This allegation does not meet the terms of the contract, which provides that the defendants may cancel the contract. The allegation that the plaintiff neglected to execute proper papers to perfect the title or rights does not state any defect in the title or that any papers were requested. The fourth answer proposed foreshadows, perhaps, a defense which, upon being fully stated, may be available. We therefore prefer to place this decision not upon the insufficiency of the answer, but upon the ground that this motion should have been made at the appellate division rather than at the special term. The language of the Code of Civil Procedure (section 497) provides that "upon the decision of a demurrer, either at a general or special term, or in the court of appeals, the court may, in its discretion, allow the party in fault to plead anew or amend, upon such terms as are just." The fair reading of this section would seem to indicate that the court referred to is the court which decides the demurrer, in this case the appellate division. The cases cited by the defendants do not support their contention. Piper v. Hoard (Sup.) 3 N. Y. Supp. 842; Terry v. Moore, 12 App. Div. 396, 42 N. Y. Supp. 51. In each of those cases the decision of the demurrer was by the court of appeals, and by the judgment overruling the demurrer leave was granted to the party at fault to apply to the special term for leave to withdraw the demurrer and plead anew. Under section 172 of the Code of Procedure the court of appeals had not the power to allow the party in default to plead anew, but the general term and special term had the same power as they now have in that respect. But it was held that the judgment of the court of appeals overruling the demurrer was conclusive upon the defendant. Whiting v. Mayor, etc., of City of New York, 37 N. Y. 600. By that decision it would seem that the special term had no power to act after the court of appeals had overruled the demurrer. The legislature, by changing this section of the Code of Procedure, evidently intended to remedy that defect, and to give the court of appeals overruling a demurrer the power to allow the party to plead anew if, in its discretion, such action was proper. The judgment of the appellate division in this case stands upon the summons, complaint, and demurrer. Not having granted leave to withdraw the demurrer, the appellate division has in fact caused a final judgment to be entered, and if this judgment is broader than was proper, or than the court intended, relief should be sought in that court and not here. The motion should therefore be denied, with

$10 costs, to be paid by the defendants, without prejudice to the right to renew the motion should the appellate division permit such motion to be made at special term.

Motion denied, with $10 costs, to be paid by defendants, without prejudice to renew motion.